**William E. BAUM, Plaintiff-Appellant,**

v.

**Eugene M. ZUCKERT, Secretary of the Air Force, et al., Defendants-Appellees.**

**No. 15880.**

United States Court of Appeals
Sixth Circuit.

March 9, 1965.

Richard H. Kremer, Memphis, Tenn. (Rosenfield, Borod, Fones & Bogatin, Memphis, Tenn., on the brief), for appellant.

Robert V. Zener, Atty., Civ. Div. Dept. of Justice, Washington, D. C. (John W. Douglas, Asst. Atty. Gen., Morton Hollander, Atty., Dept. of Justice, Washington, D. C. Thomas L. Robinson, U. S. Atty., Memphis, Tenn., on the brief), for appellees.

Before WEICK, Chief Judge, PHILLIPS, Circuit Judge, and ARTHUR M. SMITH, Judge.[1]

HARRY PHILLIPS, Circuit Judge.

Plaintiff sued the Secretary of the Air Force and the members of the United States Civil Service Commission, seeking reinstatement to a civil service position with the Air Force. He asserts that his discharge from this position was arbitrary, capricious and in violation of applicable statutes and regulations.

The Civil Service Commission upheld the discharge of plaintiff. The district court affirmed.

Plaintiff, a veteran with previous experience in the armed forces, was employed by the Air Force as an aircraft hydraulic systems mechanic. One of the conditions of his employment, made known to him at the time he accepted the position, was that he must maintain active membership in the local air force reserve unit.[2]

The record in this case shows that the purpose of the air force reserve technician program is to provide the active air force reserve units, which are composed chiefly of personnel who train only a few days each month and two weeks in the summer, with a core of more highly trained personnel whose fulltime civilian jobs coincide with their military jobs. This is the reason for the requirement that plaintiff was to maintain his status as an active member of the local air force reserve training unit, and that if he failed to do so "for reasons within his control" he would be considered to have failed to have met a condition of appointment, thereby requiring separation from his civilian position.

The examiner for the Civil Service Commission found that plaintiff was ordered, along with other members of his reserve unit, to take immunization shots on a certain day, and that he refused to do so because he was planning to do some work that night in connection with a college course he was taking and shots in the past had affected him. He told his commanding officer in a "belligerent and hostile manner" that he refused to take the shots that day, but would take them two weeks later. The commanding officer then asked plaintiff if he realized that he was disobeying an order, and plaintiff retorted that he did so realize, and that as far as he was concerned the commanding officer could give him his thirty-day notice. Plaintiff thereupon was reassigned to the inactive reserve.

The trial examiner made the following finding:

"Thus, we conclude that Major McBride did order the appellant to take the shots; that the appellant recognized it as an order; and that the appellant disobeyed the order, knowing full well what the consequences might be. Accordingly, the charge is sustained."

---

1. Sitting by designation from the United States Court of Customs and Patent Appeals.

2. Continental Air Command Regulation 40–2 contained the following provisions, which were in effect at all times pertinent to the litigation:

"2. *Requirement:* Air Reserve Technicians are required to be active members of the local Air Force Reserve flying unit and to continue their active membership therein so long as they occupy an Air Reserve Technician position.

"3. *Policy*

"(a) When an Air Reserve Technician fails to meet this obligation for reasons within his control, he will be considered to have failed to meet a condition of appointment, and separation will be effected. * * *"

The function of a reviewing court in cases involving the discharge of civil service employees is a limited one. Powell v. Brannan, 91 U.S.App.D.C. 16, 196 F.2d 871, 873. The judicial function is to determine whether there has been substantial compliance with applicable procedures and statutes, and not to review the administrative determination as to the wisdom or good judgment of the agency in exercising discretion. Hargett v. Summerfield, 100 U.S.App.D.C. 85, 243 F.2d 29, 32, cert. denied, 353 U.S. 970, 77 S.Ct. 1060, 1 L.Ed.2d 1137. The courts will not examine into the merits of the dismissal. Ellis v. Mueller, 108 U.S.App. D.C. 174, 280 F.2d 722, cert. denied, 364 U.S. 883, 81 S.Ct. 172, 5 L.Ed.2d 104; Green v. Baughman, 100 U.S.App.D.C. 187, 243 F.2d 610, 613, cert. denied, 355 U.S. 819, 78 S.Ct. 25, 2 L.Ed.2d 35.

Plaintiff was entitled to the protection of the Veterans' Preference Act, 5 U.S.C. § 863, and could not be discharged "except for such cause as will promote the efficiency of the service." We cannot say that the Air Force imposed a requirement which was not for the efficiency of the service when it specified as a condition of employment that plaintiff was to maintain his status as an active member of the local air force reserve unit; and that failure to do so for reasons within his control would require separation. Neither can we say that insubordination in refusing to obey an order to take immunization shots was not a condition within plaintiff's control.

On this appeal a number of technical questions have been raised. We hold that no procedural errors were committed by the Air Force or the Civil Service Commission in reaching the conclusion that, on the record in this case, plaintiff's discharge was for "such cause as will promote the efficiency of the service" within the meaning of the Veterans' Preference Act.

The judgment of the district court is affirmed.