**William L. SACRA et al., Plaintiffs,**

v.

**Major General Robert C. RUEGG et al., Defendant.**

**No. 2778.**

United States District Court
S. D. Ohio, W. D.

July 9, 1965.

Norman E. Routzohn, Dayton, Ohio, for plaintiffs.

Joseph P. Kinneary, U. S. Atty., Roger J. Makley, Asst. U. S. Atty., for defendant.

WEINMAN, Chief Judge.

This matter is before the Court upon motion of defendants (1) for summary judgment in favor of defendants against plaintiffs William L. Sacra, William Finnegan, Charles R. Mullins and Vincent Miglio on the grounds that the applicable statutes and regulations were complied with and no procedural error occurred resulting in denial of statutory rights to said plaintiffs, (2) to dismiss the complaint as to plaintiff Paul Peters on the grounds of failure to exhaust administrative remedies and (3) to dismiss the complaint as to plaintiff Wright Air Development Division Air Force Association on the grounds of failure to establish exhaustion of administrative remedies by the individual members thereof and lack of standing.

■ This case is what is commonly referred to as a "reduction-in-force" or "r. i. f." case. In such cases, this Court's review of administrative action is limited. Powell v. Brannan, 91 U.S.App. D.C. 16, 196 F.2d 871 (D.C. Cir. 1952). See also this Court's decision in Fass v. Ruegg, 244 F.Supp. 382, decided May 25, 1965.

■ After a full review of this case, the Court concludes that the reductions were accomplished in accordance with the applicable statutes and regulations; the Civil Service Commission's determination that the competitive areas are proper as they have been constituted at Wright Patterson Air Force Base will not be disturbed by this Court. See Elder v. Brannan, 341 U.S. 277, 71 S.Ct. 685, 95 L.Ed. 939 (1951); Hilton v. Sullivan, 334 U.S. 323, 68 S.Ct. 1020, 92 L. Ed. 1416 (1948); Bashein v. United States, 279 F.2d 255 (Ct.Cl.1960); and Fass v. Gray, 91 U.S.App.D.C. 28, 197 F.2d 587 (D.C. Cir. 1952).

The Court has examined each of plaintiff's contentions but finds that defendant's motion should be and it hereby is sustained in its entirety.