Thomas T. DOZIER, Plaintiff-Appellant,

v.

UNITED STATES of America et al., Defendants-Appellees.

No. 72-3305.
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 14, 1973.

* Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Phillip D. Hardberger, San Antonio, Tex., for plaintiff-appellant.

C. J. Calnan, Asst. U. S. Atty., San Antonio, Tex., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

DYER, Circuit Judge:

Dozier, a former civil service employee, discharged as Produce Department Manager of the Commissary, Fort Sam Houston, Texas, brought suit against the Civil Service Commission contesting his allegedly wrongful removal and seeking reinstatement with back pay. The district court entered summary judgment for the defendant. We affirm.

Dozier was discharged based upon a finding that he was grossly ineffective and generally inefficient in the performance of his duties. He appealed to the Commanding General, Fourth United States Army, and thereafter to the Dallas Region of the Civil Service Commission. Hearings at both levels resulted in upholding Dozier's removal. He then appealed to the Civil Service Commission Board of Appeals and Review asserting that the charges of inefficiency had not been proven and that he was denied procedural due process. The Board held that the specifications of inefficiency had been sustained and that there was no denial of procedural due process. In his complaint in the district court Dozier alleged that the defendant's procedural regulations "were deficient" and that the agency's action was arbitrary and capricious and not supported by substantial evidence.

While it is not entirely clear, it appears that Dozier is arguing on appeal that summary judgment was inappropriate because there were genuine issues of fact; that the district court could not preclude judicial review of an administrative decision by summary dismissal; and that the court went beyond the scope of permissible inquiry in considering a motion for summary judgment. We find no merit to these contentions.

At the hearing on the Civil Service Commission's motion for sum-

mary judgment, the entire appeal file of the Commission was before the district court. Confining itself to consideration of the record made in the Civil Service hearing and proceedings, the court properly limited its review of the Commission's decision to whether there had been a departure from the required standard of procedural due process. The merits of the determination by the Commission under the Veterans Preference Act, 5 U.S.C.A. § 7512, that the termination of Dozier's employment was for such good cause as will promote the efficiency of the Service was not subject to review. Chiriaco v. United States, 5 Cir. 1964, 339 F.2d 589.

■ There were no disputed issues of fact in the Commission's appeal file as to the procedural due process questions, and no other evidentiary matters were, or could have been, submitted to the district court. The court correctly found that there were no genuine issues of fact that would preclude the entry of summary judgment.

■■ With reference to the alleged departures from procedural due process, we think it clear that although Dozier claims that he did not have available a copy of the "case record," his counsel had access to the records of prior proceedings and was able to review all of the agency's evidence. Dozier showed no prejudice by not having a copy of the case record. We are unwilling to say that every deviation from specified procedure, no matter how technical, automatically invalidates a discharge, especially in the absence of any showing of prejudice. *See* McCallim v. United States, 1967, 180 Ct.Cl. 220; Brown Telecaster, Inc. v. Federal Communications Commission, 1961, 110 U.S.App.D.C. 127, 289 F.2d 868, cert. denied 368 U.S. 916, 82 S.Ct. 196, 7 L.Ed.2d 131; 5 U.S.C.A. § 706.

■ Dozier's argument that his Employee Record Card (Form 7–B) was in-admissible because it violated Army Regulations precluding the use of a predecessor form to support a personnel action is untenable.[1] The Civil Service Commission's Federal Personnel Manual issued September 1, 1963, provides that Form 7–B is to be "used by operating officials as a basis for initiating personnel actions."[2] We agree with the Commission that its instruction superceded any previous agency personnel instruction. It would seem ludicrous, when considering whether a termination will promote the efficiency of the Service, to foreclose the use of a report made by superiors with first hand knowledge of the facts, which shows that the employee had a consistent pattern of inefficiency, as in the case *sub judice*.

■ We conclude that there was no departure from the required standard of procedural due process. The scope of judicial review in a matter of this kind being limited to a determination of that question, the district court correctly entered a summary judgment for the Commission. Moreover, the administrative record conclusively demonstrated that the termination of Dozier was based upon substantial grounds—*i. e.*, the produce department of the Commissary was poorly run because of Dozier's inefficiency; therefore the action taken against him was not arbitrary or capricious. *Chiriaco, supra* 339 F.2d at 590.

■■ Finally, the district court did not, as Dozier suggests, preclude judicial review of the administrative decision by a summary dismissal. It considered the entire appeal file of the Commission, the only record upon which it could base its decision. It heard argument of counsel and had the benefit of briefs from the respective parties. Where, as here, there was no genuine issue of material fact with respect to the matters within the scope of judicial review before the district court "and the moving party is entitled to a judgment as a matter of

---

1. Civilian Personnel Regulation R 1.1, in effect from January 17, 1962, to March 24, 1969.

2. Subchapter 7, chapter 295, Federal Personnel Manual.

law, 'summary judgments are looked upon with favor.'" Freeman v. Continental Gin Co., 5 Cir. 1967, 381 F.2d 459, 469.

Affirmed.