494 F.2d 514
 Martha Jane NELSON, Administratrix, Plaintiff-Appellee-Cross Appellant,
v.
Thomas S. KLEPPE, Administrator, Small Business
Administration, et al.,
Defendants-Appellants-Cross Appellees.
 No. 73-3337.
 United States Court of Appeals, Fifth Circuit.
 May 28, 1974.
 
 Martha Joe Stroud, Asst. U.S. Atty., Frank D. McCown, U.S. Atty., Dallas, Tex., William Kanter, Dept. of Justice, Washington, D.C., for defendants-appellants.
 John A. Pace, Dallas, Tex., for plaintiff-appellee.
 Before GEWIN, THORNBERRY and SIMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this case suit was brought seeking to reverse a decision of the Small Business Administration (SBA) removing Charles Nelson from his employment. The district court held that the SBA had violated Mr. Nelson's due process rights because the same individual who instituted the removal charges rendered the initial decision in the matter.[1] A request for back pay was denied, however.[2]
 
 
 2
 While this action was pending on appeal the Supreme Court decided Arnett v. Kennedy, U.S. , 94 S.Ct. 1633, 40 L.Ed.2d 15, which the parties and this court agree dispose adversely of Nelson's constitutional contentions. The district court's resolution of the constitutional due process issue made it unnecessary to decide whether the administrative action was arbitrary or capricious.[3] It is now alleged that the removal was indeed arbitrary and capricious because it was based upon political affiliation. It is appropriate, therefore, to remand this cause to the district court for an initial determination of the substantive merits of this allegation. We intimate no opinion as to the merits.
 
 
 3
 Vacated and remanded.
 
 
 
 [1]
 Although the initial decision to remove Mr. Nelson was made by the SBA's Regional Director, the administrative process provided several opportunities for Nelson's grievance to be heard by conceivably more neutral decision makers. A 'trial type' hearing was held before a SBA hearing examiner, and he recommended that the removal be sustained. This recommendation was accepted by the Administrator of the SBA. On appeal to the Civil Service Commission another 'trial type' hearing was held. The removal decision was again sustained by the Civil Service Commission's Board of Appeals and Review
 
 
 [2]
 Mr. Nelson died during the pendency of the district court action, and his wife, as administratrix, has prosecuted the case since his death. While the Government appeals from the district court's decision finding a due process violation, Mrs. Nelson cross-appeals from the court's denial of back pay and other employment benefits
 
 
 [3]
 Judicial review here would be limited to whether the agency action was arbitrary or capricious. E.g., Dozier v. United States, 473 F.2d 866, 868 (5th Cir. 1973); Chiriaco v. United States, 339 F.2d 588, 590 (5th Cir. 1964)