**Dawson M. SMITH, Plaintiff,**

v.

**TENNESSEE VALLEY AUTHORITY**
**et al., Defendants.**

**No. 74–86–NA–CV.**

United States District Court,
M. D. Tennessee,
Nashville Division.

Aug. 13, 1974.

---

Alan C. Housholder, Nashville, Tenn., for plaintiff.

Robert H. Marquis, Gen. Counsel, Beauchamp E. Brogan, Associate Gen. Counsel, Justin M. Schwamm, Asst. Gen. Counsel, Charles A. Wagner, III, Atty., Knoxville, Tenn., for TVA.

Charles H. Anderson, U. S. Atty., Nashville, Tenn., for other defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

MORTON, District Judge.

In this action plaintiff challenges the final decision of the Board of Appeals and Review of the United States Civil Service Commission upholding the Tennessee Valley Authority's termination of plaintiff in a reduction-in-force. The plaintiff contends that his termination from TVA employment was arbitrary and capricious and that the Civil Service Commission's actions in sustaining the termination and refusing to reopen the proceedings were likewise arbitrary, capricious, and an abuse of discretion. The case is before the Court on TVA's motion for summary judgment. During oral argument on TVA's motion, counsel for the parties agreed that no material issues of fact exist and that summary judgment is the proper method for reaching the issues extant in the case.

### Findings of Fact

1. Plaintiff was employed by TVA as a Driver-Special Line Equipment in the Central Area of the Division of Power Construction until his termination on October 25, 1972, in a reduction-in-force. Plaintiff, a veteran with over one year of current continuous employment with TVA, claimed a violation of his veteran preference retention rights under 5 U. S.C. § 3502 (1970), and appealed his termination to the United States Civil Service Commission pursuant to 5 C.F. R. Part 351 (1973).

2. In his appeal to the Civil Service Commission, plaintiff complained that Melvin W. Brewer, another TVA employee in the same classification as plaintiff (Driver-Special Line Equipment) and with a service date more recent than that of plaintiff's, was retained in preference to plaintiff on the basis that the other employee was a job steward. Plaintiff's appeal to the Commission challenged TVA's action in placing job stewards in a separate competitive level from the other employees in the same job classification. Plaintiff also contended that Melvin W. Brewer was "wrongfully promoted" to job steward in preference to him and that three nonveterans (Lawrence W. Gibbs, Traylor Reeves, and Edgar Dyer, Jr.) were improperly listed on the retention register as veteran preference employees and wrongfully retained in preference to him.

3. The Commission's record of plaintiff's grievance appeal shows that the General Agreement between TVA and the Tennessee Valley Trades and Labor Council, which agreement pretty well covers all matters of specific and general interest to both labor and management within TVA and is fully binding on both TVA and plaintiff, provides that a union job steward is placed in a separate competitive level from the other employees in the same classification because of the duties of a job steward which are in addition to the normal duties of the classification. The General Agreement sets forth those additional duties, including:

 a. Helps to assure compliance with the terms of the General Agreement. He must have a working understanding of the agreement and be able to explain its provisions to the men he represents. He participates in training sessions for supervisors conducted by TVA and the Tennessee Valley Trades and Labor Council on the history and purpose of the General Agreement.

 b. Handles complaints of his men with the job supervisors. In the process he helps in resolving the complaint and represents his men in handling the grievance if it cannot be avoided.

 c. May represent his craft on joint training committees. In this capacity he must be familiar with the details of training programs and he helps in administering the program.

 d. May represent his craft on local joint cooperative committees. . .

The General Agreement also provides:

A job steward performs these functions by virtue of his having been designated in accordance with the General Agreement as representative of the union which is the officially recognized representative of the craft on the job. These functions are an important and integral part of the administration of a TVA project and part of the work of the employee so designated. For this reason TVA considers the job steward in a separate competitive level from the other employees in the same classification [General Agreement, H–VIII, pp. 39–40].

4. The Commission's record shows that Melvin W. Brewer was designated job steward by the union, not TVA, and that such designation occurred over one year before plaintiff's reduction-in-force and was in no way related to his reduction-in-force. The Commission's record also shows that the preference eligibility of Reeves, Dyer, and Gibbs was fully established by the documentary evidence presented to the Commission by TVA.

5. In an opinion issued on February 26, 1973, the Commission's Atlanta Regional Office determined that separate competitive levels for journeymen and job stewards were proper. In making that determination the Commission pointed out that 5 C.F.R. Part 351.403 provides that a competitive level consists of

. . . all positions in a competitive area and in the same grade or occupational level which are sufficiently alike in qualification requirements,

duties, responsibilities, pay schedules, and working conditions, so that an agency may readily assign the incumbent of any one position to any of the other positions without changing the terms of his appointment or unduly interrupting the work program.

The Commission concluded:

Although job stewards occupy journeyman positions in a trade or craft, the additional factors involved in their assignments as stewards are considered sufficient to warrant placing them in separate competitive levels from other employees in that particular trade or craft and, hence, the appellant was properly placed in a competitive level separate from . . . [the] job stewards.

The Commission also held that (1) the designation of job stewards by the union is not subject to the review of the Commission in a reduction-in-force appeal, and (2) the three employees were veteran preference employees and properly listed on the retention register, and thus upheld plaintiff's termination.

6. Plaintiff appealed the decision of the Regional Office to the Commission's Board of Appeals and Review which, on May 14, 1973, issued a written decision affirming the decision of the Commission's Atlanta Regional Office. The Board's decision noted that the additional duties of job stewards warrant placing them in separate competitive levels from journeymen in the same craft and held:

The Board's review of the entire record in appellant's case discloses no violation of appellant's rights under the Commission's reduction-in-force regulations. Accordingly, the decision of the Atlanta Regional Office is affirmed.

7. On October 3, 1973, almost five months after the Board's final decision, plaintiff petitioned the Commission to reopen and reconsider the Board's decision on the ground that "new and material evidence is available that was not readily available when the previous deci-sion was issued." Plaintiff contended that Johnnie D. Adams, a nonveteran, was retained in preference to plaintiff. However, TVA furnished documentary evidence showing that Johnnie D. Adams was a veteran entitled to preference under the Veterans' Preference Act (5 U.S.C. § 1302 et seq. (1970)) and thus properly listed on the retention register. Plaintiff's petition was denied by the Commission on December 27, 1973.

8. Plaintiff was afforded all his procedural rights in connection with his termination. The actions of TVA and the Commission are fully supported by the undisputed facts and were not arbitrary and capricious.

### Conclusions of Law

1. This Court has jurisdiction of these proceedings pursuant to 28 U.S.C. § 1337 (1970).

2. Although filed in the form of an original action, this is an agency review proceeding where this Court performs the function of a reviewing court. Connelly v. Nitze, 130 U.S.App.D.C. 351, 401 F.2d 416 (1968).

3. In cases such as this involving the termination of federal employment, the scope of judicial review of the administrative actions involved is limited to a determination of whether the required procedural steps have been substantially complied with. Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774 (1900); Fass v. Ruegg, 379 F.2d 216 (6th Cir. 1967); Baum v. Zuckert, 342 F.2d 145 (6th Cir. 1965); Dozier v. United States, 473 F.2d 866 (5th Cir. 1973); Chiriaco v. United States, 339 F.2d 588 (5th Cir. 1964). As well stated in the *Baum* and *Fass* cases, *supra*:

The function of a reviewing court in cases involving the discharge of civil service employees is a limited one. . . . The judicial function is to determine whether there has been substantial compliance with applicable procedures and statutes, and not to review the administrative determination

as to the wisdom or good judgment of the agency in exercising its discretion. . . . The courts will not examine into the merits of the dismissal [342 F.2d at 147; 379 F.2d at 218].

Plaintiff was afforded all of his procedural rights in connection with his termination.

4. The Civil Service Commission found that the termination of plaintiff in the reduction-in-force was in accord with all procedural requirements for termination and "absent any showing that this finding was arbitrary and capricious it must stand." Armstrong v. United States, 405 F.2d 1275, 186 Ct.Cl. 539, cert. denied, 395 U.S. 934, 89 S.Ct. 1997, 23 L.Ed.2d 449 (1969); Cohen v. McNamara, 282 F.Supp. 308 (E.D.Pa. 1968). The Civil Service Commission is more competent than this Court to decide such questions and it would be disruptive of good order for this Court to undertake the task which the law commits to the Commission. Cohen v. McNamara, *supra*. The Commission's decision must stand "where there exists a rational basis for its conclusion" (282 F.Supp. at 313).

5. The Civil Service Commission's finding that the additional duties of a job steward justify separate competitive levels for journeymen and job stewards is not arbitrary and capricious and will not be disturbed by this Court. See Sacra v. Ruegg, 244 F.Supp. 655 (S. D.Ohio 1965); Bortin v. United States, 138 F.Supp. 251, 133 Ct.Cl. 856 (1956); Finch v. United States, 179 Ct.Cl. 1 (1967); Cohen v. McNamara, 282 F. Supp. 308 (E.D.Pa.1968).

6. The Commission's finding that Gibbs, Reeves, Dyer, and Adams were veterans entitled to preference under the Act and thus properly listed on the retention register was likewise not arbitrary and capricious but was instead supported by substantial evidence. See 5 U.S.C. § 2108 (1970).

7. Plaintiff's claim that Melvin W. Brewer was "wrongfully promoted" to job steward instead of plaintiff is not reviewable by this Court in these proceedings. Brewer was not promoted by TVA but was designated as job steward by the union in accordance with the terms of the General Agreement between TVA and the Tennessee Valley Trades and Labor Council. That designation occurred on October 22, 1971, over one year before the reduction-in-force, and was in no way related to or connected with the reduction-in-force. Plaintiff's complaint, if any, should have been promptly directed to his union, not TVA or the Commission. Moreover, the General Agreement provides a procedure for the adjustment of grievances against TVA but none was made with respect to such matter. Since plaintiff failed to exercise and exhaust the administrative grievance procedure within the time provided by the General Agreement, he is barred from raising this issue in court. Beale v. Blount, 461 F.2d 1133 (5th Cir. 1972); Chiriaco v. United States, 339 F.2d 588 (5th Cir. 1964); Hills v. Eisenhart, 256 F.2d 609 (9th Cir.), cert. denied, 358 U.S. 832, 79 S.Ct. 53, 3 L. Ed.2d 70 (1958).

8. In actions involving judicial review of federal employment terminations, summary judgment is the proper means of reaching and deciding the issues. Fass v. Ruegg, 379 F.2d 216, 220 (6th Cir. 1967); Dozier v. United States, 473 F.2d 866, 868–869 (5th Cir. 1973); Seebach v. Cullen, 338 F.2d 663, 664 (9th Cir. 1964), cert. denied, 380 U. S. 972, 85 S.Ct. 1331, 14 L.Ed.2d 268 (1965); Sacra v. Ruegg, 244 F.Supp. 655 (S.D.Ohio 1965).

9. Defendants are entitled to summary judgment dismissing the action with full prejudice.

A judgment will be entered in accordance with these findings of fact and conclusions of law.

Approved for entry.