**William J. THURMAN,**
**Plaintiff-Appellant,**

v.

**TENNESSEE VALLEY AUTHORITY,**
**Defendant-Appellee.**

No. 75–1468.

United States Court of Appeals,
Fifth Circuit.

June 9, 1976.

Rehearing Denied July 7, 1976.

George C. Longshore, Birmingham, Ala., Roger Bedford, Russellville, Ala., for plaintiff-appellant.

Herbert S. Sanger, Jr., Gen. Counsel, Charles A. Wagner, III, Asst. Gen. Counsel, Larry S. Bush, Atty., Tennessee Valley Authority, Knoxville, Tenn., for defendant-appellee.

Before DYER, CLARK and GEE, Circuit Judges.

DYER, Circuit Judge:

Thurman challenges his reduction-in-force discharge from the Tennessee Valley Authority (TVA). He claims that he was entitled to the benefit of a provision in the labor-management agreement between the TVA and the Tennessee Valley Trades and Labor Council (the "General Agreement") granting a preference to members of local unions over members of non-local unions. Reviewing a determination of the Civil Service Commission, the district court held the preference to be inapplicable in light of the positive requirements of the Veterans Preference Act, 5 U.S.C.A. §§ 3501 *et seq.* The district court further concluded that, under the terms of the General Agreement, Thurman was not entitled to reassignment. We find that Thurman failed to complete grievance procedure remedies available under the General Agreement, and therefore reverse the judgment of the district court.

Thurman was employed by the TVA at its Browns Ferry Nuclear Plant as a steamfitter foreman. He was a nonveteran and a member of the local steamfitter's union having jurisdiction over the project. After an abortive attempt to discharge him because of lack of work,[1] he was issued on May 16, 1973, a reduction-in-force notice terminating him as a steamfitter foreman

---

1. Thurman was first terminated on May 8, 1973, and reassigned as a steamfitter journey-man. However, there was a corresponding lack of work for journeymen as well, and Thur-

effective June 15, 1973, without reassignment as a steamfitter journeyman.

Thurman challenged his termination under the grievance procedure set out in the General Agreement. First, he appealed to his immediate supervisor, who upheld the termination decision. Following this decision, he appealed to the Director of the Division of Construction, requesting a hearing as provided for in the General Agreement. The Director responded on June 28, 1973, that, since there was no violation of the General Agreement as a result of the termination, a hearing would be unnecessary. He therefore upheld the termination decision.

Thurman, unsatisfied with the response of the Director, filed a complaint with the Atlanta Region of the United States Civil Commission on June 29, 1973, without first attempting to continue the grievance procedure as provided in the General Agreement.[2] Subsequent to the filing of this complaint, however, Thurman, attempted to continue the grievance procedure by appealing his termination to the Administrator of Union-Management Relations. The Administrator pretermitted consideration of the grievance when he became aware of the complaint filed with the Civil Service Commission.

In his appeal to the Civil Service Commission, Thurman claimed that he was entitled to a local union preference under Supplemental Schedule H-VII-C-I of the General Agreement, which provided that ". . . members of local unions not having jurisdiction over the project are laid off before members of the local which has jurisdiction." The Regional Office of the Civil Service Commission found that this preference based on union membership applied only to employees who had not completed a year of service. Since Thurman had been employed for more than a year, his reduction-in-force discharge was governed by regulations, 5 C.F.R. § 351.201 et seq., designed to implement the Veterans Preference Act, 5 U.S.C.A. § 3501 et seq. The Regional Office concluded that TVA fully complied with these regulations.

Thurman appealed to the full Civil Service Commission. The Commission found that Thurman was properly classified in Retention Group III-B under the regulations, 5 C.F.R. § 351.501.[3] Further, the Commission found that Thurman had the lowest tenure in Retention Group III-B, and thus was within reach for release from his position. With regard to Thurman's claim that he should have been given preference under the General Agreement, the Commission noted that any such preference involved the interpretation of the General Agreement, and interpretation of the Agreement was not within the jurisdiction of the Commission. The Commission modified the decision of the Regional Office to

man was terminated from that position a week later. This second termination conflicted with the General Agreement, which provided that terminated foremen are not reassigned at the journeyman level unless they can be retained at that level. To correct this problem, the two notices of termination were cancelled, Thurman was restored to his position as foreman with back pay, and then terminated without reassignment by the notice of June 15, 1973. We are here concerned only with this later notice.

2. Under the grievance procedure in the General Agreement, Thurman could have continued his appeal to the Administrator of Union-Management Relations, who would hold a conference with union representatives and the TVA supervisors to resolve the dispute. The Administrator then would prepare a written decision with-

in two weeks of the conference. This decision, in turn, could then be challenged by submission of the dispute to an impartial referee, who would hold a hearing if requested to do so by any of the parties. The referee's decision would be final.

3. 5 C.F.R. § 351.501 establishes three groups of employees, I, II and III, and two subgroups, A and B, within each group. Group I has highest retention priority and consists of career employees. Group II consists of probationary employees. Group III consists of indefinite employees. Each group is divided into subgroup A, consisting of employees entitled to priority under the statute, 5 U.S.C.A. § 3501, and subgroup B, consisting of employees not entitled to priority. Thurman, classified as III–B, was in the lowest priority group and lowest priority subgroup within that group.

the extent that the Regional Office reached this question. The Commission thus reached the only question it deemed properly before it, and found no violation of Thurman's reduction-in-force rights under the statute or applicable regulations.

Without returning to the grievance procedure for interpretation of the local union preference provision of the General Agreement, Thurman filed the present action. His contentions were essentially threefold: (1) Under the General Agreement, he was entitled, as a local union member, to preference over non-local union members with regard to discharge; (2) The preference provided by the General Agreement is not invalid as contrary to the provisions of the Veterans Preference Act and the applicable regulations; and (3) Even if his discharge as foreman was proper, he was entitled to reassignment as journeyman under the General Agreement.

The district court answered the first two points by noting that the General Agreement is expressly made subject to applicable laws and regulations. Since, in the view of the court, the Veterans Preference Act precludes a preference based on union status, the local union preference cannot apply. The court answered the third point by noting that, under the terms of the General Agreement, Thurman would be entitled to reassignment only if he could be retained at the journeyman level. Since he would be last in tenure if reassigned as a journeyman, and would have been laid off from that position, he was not entitled to reassignment. The district court therefore entered summary judgment in favor of the TVA.

Thurman asks us to determine whether the local union preference is valid in light of the Veterans Preference Act. But this is a question we cannot reach. As recognized by the Civil Service Commission in its decision, this question is ripe for determination only if it is first determined that Thurman is entitled to the local union preference under the General Agreement.

■ Interpretation of the General Agreement cannot be made by the Civil Service Commission. The TVA is specifically exempted from the provisions of the Civil Service laws. 16 U.S.C.A. § 831b. The TVA is, however, subject to the Veterans Preference Act, and the Civil Service Commission is responsible for enforcement of that Act. 5 C.F.R. § 351.205. Thus, the jurisdiction of the Civil Service Commission in this case was properly limited to questions arising under the Veterans Preference Act. It had no jurisdiction to interpret the General Agreement. Therefore, the Civil Service Commission was correct in vacating that portion of the Regional Office decision interpreting the General Agreement.

■ Nor can this Court interpret the General Agreement in the first instance. In cases such as this involving the termination of federal employment,[4] the scope of judicial review is extremely limited. The district court sits as a reviewing court, and it is limited to a determination of whether the administrative action has complied with the required procedural due process, *Dozier v. United States,* 5 Cir. 1973, 473 F.2d 866; *Smith v. Tennessee Valley Authority,* M.D. Tenn.1974, 381 F.Supp. 888, or whether the administrative action is arbitrary or capricious. *Dozier v. United States, supra.* Further, neither the district court nor this court can consider whether the Civil Service Commission's administrative action is arbitrary or capricious until the aggrieved party has exhausted available nonadministrative remedies necessary to make the asserted right ripe. *Beale v. Blount,* 5 Cir. 1972, 461 F.2d 1133; *Smith v. Tennessee Valley Authority, supra.* The question of whether Thurman was entitled to preference under the General Agreement was one which could only be processed under, and should have been decided by, the grievance procedure. Although the initial decision of that procedure

4. Jurisdiction is based on 28 U.S.C.A. § 1337, which provides:
 The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies.

was adverse to Thurman, that decision is not subject to review in this Court, since Thurman, by appealing to the Civil Service Commission, effectively halted that procedure.[5] Further, after the Civil Service Commission determined that it could not interpret the General Agreement, Thurman never attempted to return to the grievance procedure to determine his rights under the General Agreement. In light of this failure to pursue the grievance procedures to completion, we will not pass upon Thurman's entitlement to preference under the terms of the General Agreement. And, like the Civil Service Commission, absent a determination that Thurman is entitled to preference under the General Agreement, we will not decide whether the preference afforded by the General Agreement is invalid in light of the Veterans Preference Act. We reverse the judgment of the court below to the extent that it passed upon the possible conflict between the General Agreement local union preference and the Veterans Preference Act.

A similar problem confronts us when Thurman raises his right of reassignment under the General Agreement. The Civil Service Commission did not reach this issue for, as outlined earlier, its jurisdiction was limited to rights arising under the Veterans Preference Act. Although the issue was decided adversely to Thurman in the grievance procedure, he failed to exhaust remedies available for challenging that determination. Our review, therefore, is limited to consideration of procedural irregularities, and we find none. The district court went too far when it considered Thurman's right to reassignment under the General Agreement. We therefore reverse that portion of the judgment below.

5. Thurman claimed that he did not abandon the grievance procedure, but rather that the TVA repudiated the procedure. However, the record clearly reveals that immediately following the decision of the Director of the Division, Thurman appealed to the Civil Service Commission without first presenting his claim to the Administrator of Labor-Management Relations. Although the Director might have violated the General Agreement by failing to afford Thurman a hearing, there is no showing

In sum, we find a failure to exhaust the readily available grievance procedures necessary to make ripe the claim Thurman wishes to present. We reverse the judgment of the court below, with directions to dismiss Thurman's complaint.

REVERSED WITH DIRECTIONS.

that this would not have been corrected by the Administrator, or, upon his failure to correct, by the impartial referee. It is only necessary for this court to determine that the grievance procedures were brought to a halt by Thurman's invocation of Civil Service Commission jurisdiction. We do not reach the issue of whether his action constituted an abandonment of contractual rights or what limitation issues might remain there.