Adrian C. MAY

v.

**UNITED STATES CIVIL SERVICE COMMISSION, John W. Macy, Jr., Robert E. Hampton and Frederick J. Lawton.**

Civ. A. No. 9195.

United States District Court
W. D. Louisiana,
Shreveport Division.

Nov. 7, 1963.

Bodenheimer, Looney & Jones, Patrick W. Looney, Shreveport, La., for plaintiff.

Edward L. Shaheen, U. S. Atty., and Leven H. Harris, Asst. U. S. Atty., Shreveport, La., for defendants.

PUTNAM, District Judge.

This suit was filed December 1, 1962, by plaintiff who seeks reinstatement to his former position as an Internal Revenue Agent. Jurisdiction attaches by virtue of Title 5 U.S.C.A. § 1009 and 28 U.S.C.A. § 1361, as amended. Plaintiff's removal was effected June 15, 1961.

The basis of the complaint is that Section 1986.3 of the Internal Revenue Manual forbids consideration of charges and specifications not presented in the advance notice of proposed adverse action in arriving at the final determination, and that this regulation was

violated by the Director of Internal Revenue, Chester A. Usry.

With the answer, defendants have filed the complete record of the Civil Service Commission's proceedings taken on May's appeals from the Director's notice of decision. Thereafter, a motion for summary judgment was filed by defendants; plaintiff sought the deposition of Usry under cross-examination which was denied, then filed a motion for summary judgment in his own behalf. Thus, the matter is presented for decision. We find defendants must prevail.

The record reveals that petitioner has had some twenty-one years of service with the department, that he is a veteran entitled to the benefits of the Veterans' Preference Act, Title 5 U.S.C.A. §§ 851, 863, and that he had maintained a satisfactory performance of duty rating until the time of his discharge. For some years prior to 1961 various disputes had occurred between May and his group supervisor in Shreveport. He alleges here, and did so before the Civil Service Examiner, that he has been harassed and hampered in the performance of his work by his supervisor, the Director Usry, and others of his superiors since he uncovered inefficiency, neglect and questionable dealings with taxpayers in 1956, which led to the recovery of some $215,000.00 in taxes that would otherwise have been lost to the government. He was commended in 1960 by the Acting Commissioner of Internal Revenue for his efforts in this instance. In 1961 he filed a suit in this court against his said superiors, seeking an injunction against them from continuing this alleged harassing conduct toward him.

■ That there was considerable concern over May's activities is evident from the record. The cause of such concern, however, is not apparent. On February 17, 1961, plaintiff was ordered to report to New Orleans from Shreveport for a fitness for duty examination on February 28, and at the same time was ordered to report to his group supervisor on the afternoon of February 27, also in New Orleans, for the purpose of discussing his work performance. Upon receipt of these notices, he attempted to appeal to the Civil Service Commission, and wrote his superiors stating that he was taking this action to combat the coercive and oppressive action on their part and requested that the orders be held in abeyance until he heard from his appeal. The Commission, of course, had no jurisdiction and so advised him on March 13, 1961. He did not thereafter offer to report as ordered or otherwise advise his superiors of the Commission's action. On March 24 he was advised of his proposed removal from the Service on grounds of insubordination in failing to obey the orders of February 17, and filed written answers to these charges denying any willful disobedience constituting insubordination. On June 14, he was notified of the final decision of the director sustaining the charge of insubordination and both specifications thereunder, and discharging him from the Service effective June 15.

From this action he appealed, requested a hearing, and was afforded an opportunity to appear, testify, present witnesses and cross-examine witnesses presented in behalf of the agency. Mr. Usry did not appear at this hearing, and no request for his appearance was made by Mr. May or his counsel. An adverse decision resulted, and he appealed to the Board of Appeals & Review of the Civil Service Commission. This Board also affirmed the dismissal, and the finding that the cause advanced was such as would promote the efficiency of the Service.

■ The proceedings were entirely regular, the pertinent provisions of applicable laws were complied with, and all of the issues raised by this suit were heard and determined by the administrative agency charged with this responsibility. Plaintiff points to the recent decision of the Supreme Court in the case of Williams v. Zuckert, 371 U.S. 531, 83 S.Ct. 403, 9 L.Ed.2d 486, rehearing 372 U.S. 765, 83 S.Ct. 1102, 10 L.Ed.2d 136 (1963). In that case the cause was re-

manded to the District Court for a hearing to determine whether petitioner had made timely request for the appearance of certain witnesses against him at the hearing before the Examiner, or taken other action under applicable Air Force regulations to require it to produce them at the hearing.

In the instant case, however, we find no suggestion from the complainant or his counsel that request was made to the Commission or to the Department of Revenue for Usry to attend the hearing for cross examination. While there is no compulsory process provided for in the Commission's regulations, and they in fact provide that subpoenas will not issue, 5 C.F.R. § 22.603, there remains a duty on the part of an appellant to make known to the Examiner or to the department taking the adverse action what evidence he considers indispensable to his cause.

Further, it does not appear from this record that the appearance of Mr. Usry at the hearing or on trial of this case would change the result. The Chairman of the Board of Appeals wrote to the Director on September 28, 1961, to afford him an opportunity to comment on the statements made by the appellant on the appeal, and by letter dated October 11 he expressed his views of Mr. May's conduct and stated unequivocally that he did not consider anything other than the charges and specifications in reaching his decision to discharge this employee. Even without this letter, there is no substantial evidence in the record that any other matters were considered by him in making this determination.

■ We find no merit in the claim that Usry should have excused himself from considering the charges and specifications, because of the suit pending against him by petitioner and the fact that he preferred the charges in question. This argument is answered adversely to plaintiff in Studemeyer v. Macy, 116 U.S.App.D.C. 120, 321 F.2d 386 (D.C.Cir. 1963).

■ A careful review of the entire record in this case leads us to the conclusion that all applicable procedural requirements of the Veterans' Preference Act, 5 U.S.C.A. §§ 851–869, and the Civil Service Commission's Regulations, 5 C. F.R. § 22.101 through 22.607, have been met. Under the doctrine of limited judicial review of administrative action, we cannot disturb these findings. Hargett v. Summerfield, 100 U.S.App.D.C. 85, 243 F.2d 29 (D.C.Cir. 1957) cert. denied 353 U.S. 970, 77 S.Ct. 1060, 1 L. Ed.2d 1137 (1957); Benenati v. Young, 95 U.S.App.D.C. 120, 220 F.2d 383 (D.C. Cir. 1955); Eustace v. Day, 114 U.S. App.D.C. 242, 314 F.2d 247 (D.C.Cir. 1962); DeFino v. McNamara, 109 U.S. App.D.C. 300, 287 F.2d 339 (D.C.Cir. 1961) cert. denied 366 U.S. 976, 81 S. Ct. 1947, 6 L.Ed.2d 1265, rehearing denied 368 U.S. 872, 82 S.Ct. 66, 7 L.Ed. 2d 74.

■■ The only remaining question is whether or not the removal of this employee for the acts of insubordination charged, which were minor in nature, was arbitrary, capricious or unwarranted, and did not constitute "such cause as will promote the efficiency of the Service." 5 U.S.C.A. § 863.

Insubordination in itself is cause sufficient to justify discharge. Studemeyer v. Macy, supra. We are not prepared to say that under all of the facts and circumstances found to exist here that the discharge was unwarranted, arbitrary or capricious; indeed, there is a rational basis for petitioner's removal for the efficiency of the Service, shown by the very acts which he advances in support of his claim that it was unjustified. The Civil Service Commission, charged with the duty of determining whether rights of employees to their jobs have been infringed, has found otherwise and in so doing has, by implication, further found that petitioner was in error in the motives ascribed to Usry by him for the latter's actions. His noncompliance with the orders to report in this instance merely provided the final episode

in a series of actions and conduct followed by petitioner over a number of years. While discharge is admittedly a harsh remedy, we are not at liberty here to upset the Board of Appeal's determination that it was not required.

Judgment dismissing this suit will be presented · for · signature.