The judgment of the district court will be affirmed.

Jessie M. YATES, Appellant,

v.

Bernard J. MANALE, U. S. Army Oversea Supply Agency, U. S. Civil Service Commission et al., Appellees.

No. 23313.

United States Court of Appeals
Fifth Circuit.

June 7, 1967.

Jessie M. Yates, pro se.

Walter F. Gemeinhardt, Asst. U. S. Atty., New Orleans, La., Louis C. La Cour, U. S. Atty., for appellee.

Before THORNBERRY and COLEMAN, Circuit Judges, and YOUNG, District Judge.

**PER CURIAM:**

Appellant was a stenographic traffic clerk with the United States Army Oversea Supply Agency. On November 15, 1962, she was advised in writing by her superior that to determine her fitness for duty arrangements had been made for her to take a medical examination at no cost to her. The next day appellant refused in writing to submit to the examination. She was duly advised by the agency that her refusal could be viewed as an act of insubordination. Nevertheless, she persisted in her refusal and was discharged for insubordination. That decision was affirmed by the Civil Service Commission and the Board of Appeals and Review. Judicial relief was sought by the appellant in the District Court which granted the appellees' motion for a summary judgment. We affirm.

Appellant sought both in the administrative actions and in the judicial proceedings to challenge the necessity of her taking a medical examination. But that was not the issue upon which she was discharged; her insubordination stemmed from her refusal to submit to the examination and not from the reasons the agency may have had for seeking such an examination.

■ The court below correctly concluded there were no genuine issues of material facts and that the uncontroverted record established that in discharging appellant her superiors had substantially complied with the applicable statutes and regulations.

■ The appellant is without standing to contend bias by the District Court since she failed to file a timely affidavit pursuant to 28 U.S.C. § 144. Furthermore, the decision below rested solely on legal conclusions which have been fully reviewed by this Court and found correct.

This affirmance is without prejudice to appellant raising, if she chooses, in the court below the issue of her competency on the date of her refusal to submit to the examination.

**YOUNG, District Judge (concurring).**

On the basis of what was presented to the court below the issues were correctly decided, but I think justice in the case would not result unless the case is returned to the United States Army Oversea Supply Agency for a determination by it from the record if the appellant was responsible for her action in refusing to submit to the examination.

In my opinion, from an examination of the record, serious doubt is cast on this issue and if, in fact, she was not responsible then it would be as much an injustice to deprive her of her pension and other rights earned by her during years of satisfactory and creditable service as it would be to punish a defendant for a crime committed under circumstances that would make him legally not responsible for such an offense.

I do not believe that just returning the case to the court below and leaving the initiative to the appellant on this issue is sufficient because again the record leads to the conclusion that such initiative might not be taken.