“This case comes before the court on the parties’ cross-motions for summary judgment. Oral argument has been had and the court has considered the briefs, exhibits, and argument. The court finds that there are no disputed issues of relevant fact requiring trial (or other further fact-finding process) and that the case is ready for disposition on the parties’ motions, including the exhibits.
“Plaintiff, an employee of the Department of Defense, was removed in October 1973 for insubordination in that she had refused to submit to a psychiatric evaluation as part of a fitness-for-duty examination. On appeal to the Civil Service Commission, the employing agency’s determination was affirmed by the then Appeals Examining Office and thereafter by the then Board of Appeals and Review. The gravamen of her case in this court is that she was deprived of procedural protections to which she was entitled; she also claims that there was not sufficient evidence to support the finding that she had refused to submit to a psychiatric examination. We hold these contentions to be without merit and discuss her major points.
“First, the Federal Personnel Manual expressly authorizes - a demand that an employee undergo a psychiatric evaluation, and it is clear from the record as a whole that, before charging plaintiff with insubordination, the agency gave her ample and repeated opportunity to make herself available for the psychiatric examination which she knew was demanded of her. In this process she was plainly given the chance to select psychiatrists of her own choosing if she preferred not to be *579 examined by federal medical officers. There is more than sufficient support for the administrative finding that she knowingly and deliberately refused to cooperate at all; She even refused to submit to a psychiatric evaluation in connection with the processing of an involuntary application the agency made to the Civil Service Commission for disability retirement (on psychiatric grounds), and the application therefore had to be dismissed by the Commission. She has continued to remain adamant in her refusal to undergo a psychiatric examination.
“Second, if it is a prerequisite to such a demand (i.e. that the employee undergo psychiatric examination) that the agency have reason to believe that such an evaluation is appropriate or called for in determining the employee’s fitness for duty, the record contains information demonstrating affirmatively that here the agency had such reason to believe. For one thing, the doctor who examined her physically reported that he had tried to convince her that talking with the staff psychiatrist would be to her advantage and added: £My general impression is that Mrs. Pryor must have many unresolved unconscious conflicts which make her emotionally maladapted. Her thinking and judgment seems to be impaired ; she is accident prone, and she appears to have false beliefs. Her attitude toward her previous accidents also includes an element of compensation neurosis.’
“Third, plaintiff contends that the agency was required to follow the requirements of Part 831 of 5 C.F.R. relating to disability retirement. We do not decide whether or not this was so because we conclude, as did the Board of Appeals and Beview, that in any event the agency essentially and substantially complied with the 831 requirements before plaintiff was charged with, insubordination in July 1973. Three agency officials plus two physicians (Drs. Mayer and Pease) were satisfied that a psychiatric examination was called for. Plaintiff selected a personal representative, an attorney, to advise her; this selection was made before the last requests that she cooperate in taking a psychiatric examination. She was clearly notified in advance of the scheduled examinations, and she was likewise given the right to sub *580 mit the names of psychiatrists acceptable to her. She also had been given sufficient indication that there was a substantial question as to her psychiatric condition. Accordingly, there was no significant defect in the agency’s procedures even if the requirements of Part 831 are applicable.
“Fourth, no material error marred the hearing or procedures of the Civil Service Commission. In upholding the fmcling of insubordination the Commission did not consider or rely upon the unsworn statements of federal personnel which plaintiff challenges. There is therefore no pertinence to her points that these materials found their way improperly into the administrative record and that plaintiff was not permitted to examine the employees who made the statements. Cf. Pascal v. United States, 211 Ct. Cl. 183, 189 (1976). Similarly, there was no abuse of discretion in limiting the number of witnesses; the hearing fairly ventilated the issues before the Commission. And it was not error to have the determination of the Appeals Examining Office signed by an official other than the examiner who conducted the hearing. See Richman v. United States, 206 Ct. Cl. 844, 845 (1975).
“Fifth, the sanction of removal is authorized by the Federal Personnel Manual for circumstances like those present here. Since plaintiff persisted over a long period in refusing to cooperate in any proceedings involving disability, there was no abuse of discretion in deciding that separation was the only practical remedy.
“We have also considered plaintiff’s many other points but find that none of them vitiates the administrative determination or proceedings.
“it is therefore CONCLUDED and ordered that defendant’s motion for summary judgment is granted, plaintiff’s motion for summary judgment is denied, and the petition is dismissed.”
Plaintiff’s motion for rehearing en banc was denied February 14, 1977. Plaintiff’s petition for certiorari denied October 3,1977.