Leo D. SMITH, Plaintiff-Appellant,

v.

UNITED STATES AIR FORCE et al.,
Defendants-Appellees.

No. 77–2574
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 27, 1978.

Earle Cobb, Jr., San Antonio, Tex., for plaintiff-appellant.

Jeremiah Handy, Asst. U. S. Atty., Jamie C. Boyd, U. S. Atty., San Antonio, Tex., for defendants-appellees.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

Appellant Leo Smith filed suit against the Air Force, Secretary of the Air Force Reed, and Kelly Air Force Base Chief Safety Officer Temple, alleging improper discharge from civil service employment for his refusal to obey an order to take a psychiatric examination. He cites Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e–5(f), and the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b), as bases for subject matter jurisdiction. On the Government's motion for dismissal, Fed.R. Civ.P. 12(b)(6), or in the alternative for

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

summary judgment, Fed.R.Civ.P. 56, the lower court dismissed the action. In its order, the lower court found that it lacked jurisdiction to adjudicate this claim; that even if it did have jurisdiction, appellant's discharge was for just cause; that the actions of neither the Air Force nor the Civil Service Commission were arbitrary, capricious, or constituted an abuse of discretion; and that appellant was not mentally incompetent at the time of his discharge. For the reasons set forth below, we affirm.

Nowhere in his complaint, or elsewhere in the record, did appellant allege discrimination on the basis of race, color, religion, sex, or national origin, a prerequisite to relief under 42 U.S.C.A. § 2000e *et seq.* Accordingly, this statute did not furnish the court below with subject matter jurisdiction.

Neither did 28 U.S.C.A. § 1346(b) provide a basis for jurisdiction since the United States, if it were a private individual, would not have been liable for the manner in which appellant alleges he was discharged.

The facts pleaded, however, arguably conferred jurisdiction on the lower court under 5 U.S.C.A. § 7501 *et seq.* and 5 U.S.C.A. § 701 *et seq.* (Administrative Procedure Act). Assuming that jurisdiction did exist under these statutes, even though such jurisdiction was not asserted by appellant in his complaint and is not argued in his brief on appeal, we nonetheless find the lower court's dismissal proper.

In cases involving the termination of federal employment, the scope of judicial review is limited to a determination of whether the administrative action has complied with the required procedural due process or whether the administrative action is arbitrary or capricious. *Thurman v. TVA*, 533 F.2d 180, 183 (5th Cir. 1976); *Dozier v. United States*, 473 F.2d 866, 868 (5th Cir. 1973). The trial court confined its review to these matters and correctly concluded

there had been no departure from the required standard of procedural due process. Moreover, the administrative record conclusively established that appellant's termination was based upon substantial grounds—his failure to report for the ordered examination, *see Yates v. Manale*, 377 F.2d 888 (5th Cir. 1967), *cert. denied*, 390 U.S. 943, 88 S.Ct. 1037, 19 L.Ed.2d 1139 (1968); *May v. Civil Service Commission*, 230 F.Supp. 659 (W.D.La.1963)—and was therefore not arbitrary or capricious.

AFFIRMED.