On May 18, 1979 the court entered the following order:
Before Friedman, Chief Judge, Davis and Kashiwa, Judges.
This is a suit for back pay brought by the representative of a former civilian employee of the Air Force, now deceased, who was removed as physically unable to *670 perform his duties. Both parties have moved for summary judgment on the administrative record and the case has been submitted for disposition without oral argument.
In May 1974, Quentin A. Yates, a publications and forms clerk with the Air Force, grade GS-3, was directed by the Air Force to report for a physical examination testing his physical fitness for duty. The Air Force doctor found that, although Mr. Yates’ position description called for his being able to lift and move boxes weighing up to sixty pounds, he was not in fact able to lift or carry weights over 15 pounds all day long, nor to lift or carry weights over 45 pounds. On the basis of this report the Air Force proposed to separate Mr. Yates because of physical inability to perform the duties of his position. Though told of his rights to reply and to furnish an evaluation by his own physician, Mr. Yates did not respond. The Air Force then found his separation warranted on the ground proposed. (Because he had not served five years in the federal service, Mr. Yates was not eligible for disability retirement.)
Appeal was taken to the then Civil Service Commission’s Federal Employees Appeals Authority which, after a hearing, upheld the removal. The Commission’s Appeals Review Board affirmed.[1]
The only "procedural” error asserted in this court (with respect to the Air Force) is that Mr. Yates was misled as to the purpose of his physical examination; it is said (on the basis of Mr. Yates’ own testimony) that he was orally told by a superior — erroneously—that such an examination was part of an effort to obtain disability retirement for him. There is no finding by the Civil Service Commission as to the claimed management statement, but in any event the removal would not be invalidated if the misrepresentation were made. The Air Force had the right to remove Mr. Yates involuntarily for physical disability (see AF Regulation 40-716, para. 4) and in that connection could direct him to submit to a physical examination and could also remove him for refusing to comply with such an instruction. See Pryor v. United States, 212 Ct. Cl. 578, 580, cert. denied, 434 U.S. 824 (1977); Yates v. Manale, 377 F. 2d 888, *671 889 (5th Cir. 1967). The letter ordering Mr. Yates to appear for the medical examination did not say anything about disability retirement but merely that the examination was "to determine your fitness to perform in your regular position,” and the letter also concluded with the admonition that failure "to take the directed fitness-for-duty examination, as above, may be cause for your removal from Federal employment.” It is clear that Yates had no choice as to taking the physical examination, and even if some misrepresentation occurred he was not induced to take a step which he was free to withhold. In a word, he was in no different situation than if nothing had been said to him.
On the merits of the determination that he was physically unfit, there is substantial evidence supporting the administrative determination:-the Air Force medical report; Mr. Yates’ numerous absences from work because of illness; letters from his private physician saying that he could not perform the prescribed duties for at least a long time; oral testimony of one of his supervisors; the fact that Mr. Yates had been placed by his superiors on light duty for a long period. Though there was some evidence to support Mr. Yates, it was not such as to deprive the contrary evidence of substantial support. By the same token the administrative decision was neither arbitrary nor capricious.
Plaintiff now attacks much of the management evidence as hearsay, otherwise excludable, or as lacking in any probative force. These points were not raised before the Civil Service Commission and we need not entertain them. Patch v. United States, 204 Ct. Cl. 924, cert. denied, 419 U.S. 1049 (1974); Haynes v. United States, 190 Ct. Cl. 9, 12-13, 418 F. 2d 1380, 1382-83 (1969). Even if we do, we consider none of the points to be meritorious. In particular, the receipt into evidence of the Air Force medical report was proper in an administrative hearing of the type held here. Richardson v. Perales, 402 U.S. 389 (1971).[2]
IT IS THEREFORE CONCLUDED AND ORDERED that plaintiffs motion for summary judgment is denied, defendant’s cross-motion is granted, and the petition is dismissed.

 Mr. Yates died a few months before the Appeals Review Board rendered its decision, but after the appeal to that tribunal had been taken.

 The sex discrimination point mentioned by plaintiff (i.e. that women were not required to carry heavy loads) is beyond this court’s jurisdiction. Brown v. General Services Administration, 425 U.S. 820 (1976); Clark v. United States, 212 Ct. Cl. 590, cert. denied, 434 U.S. 839 (1977).