The plaintiff in this civilian pay case seeks reinstatement and backpay as a result of his removal from his position as Mechanical Engineer at the Naval Ship Missile Systems Engineering Station (the "Agency”), located in Port Huen-eme, California. The government has moved for summary judgment contending that: (1) the plaintiff has failed to state a claim upon which relief can be granted; (2) the plaintiffs claim is barred by laches; and (3) to the extent that the plaintiffs claim is based upon alleged discrimination against him, it is outside our jurisdiction. We grant the government’s motion for summary judgment on the first ground.
*703 1 — 1
The plaintiff, a naturalized American citizen of Chinese ancestry, received a career-conditional appointment to the Agency in 1968. In 1971, he was converted to career tenure.
On August 9, 1973, the plaintiff received an order directing him to report to a psychiatrist on August 21 for a "fitness-for-duty psychiatric examination.” The plaintiff was advised that if the doctor with whom the appointment was scheduled was unacceptable to him, he could submit the names of three to five board-certified psychiatrists to whom he would be willing to report. The Agency would select one psychiatrist from the list. The order stated that the psychiatric examination was necessary because of "deficiencies in [plaintiffs] service which may have been caused by a possible health problem.”
The plaintiff, by letter dated August 15, 1973, indicated that only after other persons named by him submitted to a psychiatric examination and after he had had the opportunity to review the results of such examinations would he make a decision whether or not he would go to the psychiatrist. On August 17, the plaintiff was advised that his refusal did not relieve him from reporting for the examination and that failure to report might be grounds for disciplinary action, including removal. Three days later the plaintiff filed with the Agency a complaint charging that he had been discriminated against because of his Chinese ancestry. The plaintiff did not report for the scheduled psychiatric examination.
By letter dated February 1,1974, the Agency notified the plaintiff that he would be discharged to "promote the efficiency of the service” because of his failure to report for the fitness-for-duty psychiatric examination. The plaintiff was dismissed effective March 4,1974. The Federal Employee Appeals Authority (Appeals Authority) upheld the dismissal, ruling that "the agency complied with the mandatory procedural requirements of Subpart B, Part 752 of the Civil Service Commission Regulations, in effecting [plaintiffs] removal” and that the Agency did not discriminate against plaintiff. The Appeals Review Board (Review Board) affirmed this decision.
*704 The plaintiff here contends that the psychiatric examination was ordered for "illegal” reasons, rather than those stated in the order. He alleges that the order was a consequence of racial discrimination and as a reprisal for his "efforts to expose instances of waste and mismanagement.”
II.
The authority for ordering a fitness-for-duty examination and the discharge of an employee who refuses to submit to such an examination is contained in the Federal Personnel Manual Supplement 752-1, subchapter SI — 3(a)(5). The pertinent portions of this regulation provide:
(c) The agency has authority to direct an employee to take a fitness-for-duty examination. This authority is clearly implied by the language of section 01.3 of Executive Order 9830. Section 01.3 provides that "the head of each agency shall remove, demote, or reassign to another position any employee in the competitive service whose conduct or capacity is such that his removal, demotion, or reassignment will promote the efficiency of the service.” The word capacity includes physical and mental capacity. The authority to require a fitness-for-duty examination is also implied in those sections of title 5, United States Code, which require that a person being removed from the competitive service be given reasons for the removal and in that section which authorizes agencies to apply for the retirement of employees on disability. To comply with the requirements of this Executive order and law, an agency that has a question about the physical or mental capacity of an employee should have a medical report from a physician who has examined the employee.
(d) If the employee refuses to submit to a medical examination, he may be removed for refusing (see May v. USCSC and Yates v. Manale). An agency, however, could not justify on appeal an adverse action against an employee who refuses to be examined by an agency-designated physician but who is willing to be examined by a physician of his choice selected under the provisions of subchapter 1 of FPM chapter 339 (paragraph l-3c).
*705 Our authority to review the rulings of the Appeals Authority and the Review Board that the plaintiff was properly ordered to report for the fitness-for-duty psychiatric examination is limited to ascertaining whether those decisions were arbitrary, capricious, or unsupported by substantial evidence. Wise v. United States, 221 Ct. Cl. 105, 113, 603 F.2d 182, 186 (1979); Boyle v. United States, 207 Ct. Cl. 27, 34, 515 F.2d 1397, 1401 (1975); Morelli v. United States, 177 Ct. Cl. 848, 858 (1966). Under that standard, we must sustain the Agency’s decision.
The record contains memoranda, dated between July 10 and August 7,1973, from Dr. Stuart L. Houser (the Agency physician who had examined plaintiff), W. Phillip Reese (the Branch Head), and Charles L. Hendrick (the Personnel Officer), each stating that plaintiff required psychiatric assistance. The underlying reasons were work-related (i.e., deficient job performance). The same individuals, acting as a panel, concluded that plaintiff should be directed to report for a fitness-for-duty psychiatric examination.
With regard to the plaintiffs claim that the examination was racially motivated, the Appeals Authority, after a thorough analysis of the evidence, concluded:
From our review we find no evidence that any of the alleged discriminators either by word, action, or inaction, discriminated against appellant. Therefore, we find that the agency did not discriminate against the appellant, because of his national origin, in its decision to terminate his employment.
The Review Board affirmed this determination, holding that
agency officials did not discriminate against appellant because of his race or national origin either in recommending that appellant take a fitness for duty examination or in the decision to take adverse action against him.
Although the Appeals Authority and Review Board decisions do not explicitly deal with plaintiffs claim that the psychiatric examination was ordered as a reprisal for his "efforts to expose instances of waste and mismanagement,” we conclude that they implicitly rejected this *706 argument by holding that the action taken was supported by substantial evidence.
The plaintiff also contends that "[a]s a matter of law, refusal to take a psychiatric examination is not grounds for termination” and that "[t]he only fitness-for-duty examinations authorized in the Code of Federal Regulations (CFR) and the Federal Procurement Manual (FPM) are in relation to Disability Retirement Applications under Subpart L of Title 5 [5 C.F.R. § 831.1201 et seq.].” (Emphasis in original.) We held to the contrary in Pryor v. United States, 212 Ct. Cl. 578, cert. denied, 434 U.S. 824 (1977). There the plaintiff was discharged for insubordination because of her refusal to submit to a fitness-for-duty psychiatric examination. On facts comparable to those in the present case, we upheld the dismissal.
The defendant’s motion for summary judgment is granted, and the petition is dismissed.
Plaintiffs motion for rehearing was denied October 2, 1981.