Henry M. FALGOUST, Jr.

v.

UNITED STATES MARSHALS
SERVICE, et al.

Civ. A. No. H–79–980.

United States District Court,
S. D. Texas,
Houston Division.

April 12, 1982.

D. Reid Walker, Lohmann, Glazer & Irwin, Houston, Tex., for plaintiff.

M. Angela Flores, Asst. U. S. Atty., Houston, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

CIRE, District Judge.

In this case Plaintiff sought reinstatement, back pay, and other relief stemming from his discharge from the U. S. Marshals Service. Plaintiff's claims under the Fifth Amendment were dismissed by order entered on May 1, 1981. A subsequent Fifth Circuit case, *Bush v. Lucas*, 647 F.2d 573

(5th Cir. 1981), was found to be dispositive of Plaintiff's First Amendment claims, and these claims were ordered dismissed at a chambers conference on November 9, 1981. The only remaining claim, now before the Court on cross motions for summary judgment, is brought under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*

The Administrative Procedure Act (APA) permits judicial review of certain administrative actions which have an adverse effect on the claimant. In this case, Falgoust contends that the United States Marshals Service (USMS), a bureau of the Department of Justice, wrongfully discharged him in a procedure brought pursuant to 5 U.S.C. § 7501 *et seq.* He claims that his removal from the USMS was not "for such cause as will promote the efficiency of the service," 5 U.S.C. § 7513(a), and he seeks review of the final adverse decision of the Merit Systems Protection Board.

The Court's scope of review in this type of claim is limited to determining whether the agency followed its own procedures in taking the adverse action, and whether the action was arbitrary and capricious. *Smith v. United States Air Force*, 566 F.2d 957 (5th Cir. 1978). The Court does not directly review the merits of the underlying action for the purpose of substituting its judgment of what will promote the efficiency of the service. *Dozier v. United States*, 473 F.2d 866 (5th Cir. 1973). Rather, the underlying action is considered only to the extent that it may have lacked any rational basis and hence was arbitrary and capricious. *Gilbert v. Johnson*, 419 F.Supp. 859 (N.D.Ga.1976).

The Plaintiff was notified by letter dated April 20, 1978, that Chief Deputy Marshal James A. Schlecht proposed to remove him from the Marshals Service for two reasons:

1) endangering the safety of personnel through carelessness or failure to follow instructions; and

2) concealment of material fact in connection with employment.

The first reason, referred to as "endangering," was based on Plaintiff's failure properly to use leg irons to restrain a prisoner he was transporting, which failure contributed to the prisoner's temporary escape. The incident occurred on a busy Houston highway during rush hour; the prisoner was recaptured by the trainee deputy accompanying Falgoust. Plaintiff's conduct, according to the Chief Deputy, violated Rule 14 of the Standard Schedule of Disciplinary Offenses and Penalties for Department of Justice Employees. Rule 14 provides for reprimand-to-removal for a first offense, and suspension-to-removal for a second offense. The Chief Deputy considered this Falgoust's second offense, although the first offense on which the Chief Deputy relied was subsequently overturned by an appeals board.

The second reason given for the proposed action, that of "concealment," stemmed from Falgoust's failure to report the unsuccessful escape to the U. S. Marshal, and his instructions to the trainee not to report the incident to Falgoust's superiors. According to Schlecht, this conduct violated Rule 22 of the Department of Justice's Standard Schedule of Disciplinary Offenses and Penalties (the DOJ Table) as well as the similarly worded Rule 12 of the Table of Offenses outlined in the United States Marshals manual (the USMS Table). Both rules provide for reprimand to removal for a first offense.

The U. S. Marshal for this district, T. R. Coney, notified Plaintiff by letter dated July 26, 1978, that the removal would be effective July 28, 1978. The agency's decision was affirmed by the Merit Systems Protection Board following a hearing.

Keeping in mind its limited scope of review, the Court will consider Falgoust's various challenges to the agency action.

The Court rejects Plaintiff's assertions that the proceedings were tainted by procedural defects. In his complaint Plaintiff alleges that Marshal Coney failed to consider Plaintiff's reply to the charging document, in violation of applicable rules; that reliance on the subsequently overturned 15-day suspension rendered the removal invalid; that he had no knowledge of the re-

quired method of handling prisoners, and thus should not be removed for failure to exercise the proper care; and that the rules and regulations with which he is charged are vague and ambiguous. The administrative record reveals that Plaintiff was afforded the full range of procedural protections to which he was entitled, and that these same contentions were considered by the agency. The Court finds no indication that the agency failed to follow its own regulations, and notes that these arguments are not pursued in Plaintiff's motion for summary judgment.

■ The crux of Plaintiff's complaint is his contention that the agency's actions were arbitrary and capricious.

He claims first that it was arbitrary and capricious to charge him with the offense of "endangering" from the DOJ Table when more appropriate charges providing for lesser penalties were contained in the USMS Table. For example, he cites USMS Offense Number 6, "Failure to use proper restraints when transporting a federal prisoner," which provides for a 3-day suspension for a first offense and a 14-day suspension for a second offense. He also cites USMS Offense Number 8, "Attempted or successful escape of prisoner," which provides for removal only on the second offense if the escape is attributable to a violation of USMS regulations.

While the cited charges may indeed be applicable to the facts in this case, the record does not support Plaintiff's allegation that it was arbitrary and capricious to proceed instead under the "endangering" charge. There is a rational basis for the agency's application of the "endangering" charge to these facts. A deputy marshal could conceivably be charged with failure to use proper restraints even if no attempted escape resulted from that failure. Similarly, attempted or successful escape may be charged if the incident occurs with no risk to other persons. The "endangering" charge is broader, more encompassing, and not unsuited to the facts of this case when viewed as a whole. The Plaintiff does not allege that application of the DOJ Table was procedurally improper, and that by applying that Table the agency violated its own regulations. His argument is that the Marshals Service arbitrarily and capriciously charged him with "endangering," an offense carrying a stricter penalty than other arguably suitable offenses with which he could have been charged. For the reasons stated, the Court concludes that the agency's action in this regard was not arbitrary and capricious.

■ The Court must also reject Plaintiff's claim that it was arbitrary and capricious to charge him with "concealment." The DOJ Rule 22 defines the offense as "falsification, misstatement, exaggeration, or concealment of material fact in connection with employment, promotion, travel voucher, *any* record, *investigation or other proper proceeding.*" (emphasis supplied). The USMS Rule 12 is identical except that it omits any mention of travel vouchers. Plaintiff's argument is well taken that the above Rules are appropriately applied to a situation where an employee is found to have falsified his application for employment or for promotion. It does not follow that the Rules are totally unrelated to the facts of this case.

The Plaintiff contends that he had no duty to report the incident and thus could not be charged with concealment. The Court concludes otherwise. The USMS order 4512.1, dated August 18, 1977, clearly contemplates that escapes would be reported. Paragraph 6 states "Upon notification of the escape of a prisoner . . . the appropriate U. S. Marshal or his designee shall IMMEDIATELY [send a detailed written report, including the Marshal's investigation of the circumstances surrounding the escape]." A subsequent order, USM 4515.1, dated October 27, 1977, says that the procedures in Order 4512.1 will be followed "in instances of escape or attempted escape. Should an escape be made, local procedures should be reviewed and, if indicated, revised following an appropriate investigation." These orders clearly contemplate that escapes and attempted escapes will be reported to the U. S. Marshal so that they may be

appropriately investigated. In light of this clear and reasonable requirement which Plaintiff obviously breached, it does not seem arbitrary to charge him with concealment of the facts which were necessary to trigger the required investigation.

 Plaintiff also argues that the punishment assessed was disproportionate to the charges as alleged and proven, and thus was arbitrary and capricious. He claims also that his punishment should have been mitigated as a matter of law when the prior offense, cited in his notification letter, was overturned. In an agency employment context, the court may set aside a removal if it is beyond the penalties permitted by statute or regulation, or if it is so unconscionably harsh as to constitute an abuse of discretion. *Power v. United States*, 531 F.2d 505, 209 Ct.Cl. 126 (1976).

The Court notes first that the offenses charged all permit removal on a first offense, and thus removal would have been within the permissible range even if Plaintiff's prior 15-day suspension had not been considered. The fact that its consideration was later shown to be inappropriate is of little consequence in light of the agency's reliance on other permissible factors such as a valid prior 7-day suspension and the serious nature of the charges. It does not appear that removal was unwarranted in light of the serious circumstances. It is undisputed that Plaintiff failed to apply the leg irons in a manner to prevent escape of a prisoner on a crowded highway, and, perhaps of graver significance, that he not only failed to report the incident himself but instructed a trainee to conceal the facts as well. The court concludes that it was not arbitrary and capricious to impose the maximum penalty on one who would seek to cover up his own misdeeds. The Plaintiff compounded his own culpability and was understandably punished harshly. He failed to prove that similar offenses had been treated differently; the instances cited involved not only different facts but in some cases a different U. S. Marshal.

Because the Court finds no procedural irregularities and is unpersuaded that the agency's action was in any way arbitrary and capricious, Plaintiff's removal from the USMS must be and is affirmed. Respondent's motion for summary judgment is accordingly GRANTED, and Plaintiff's cross-motion for summary judgment is DENIED. The case is accordingly DISMISSED.