**Gordon A. PULLEY**

v.

**TENNESSEE VALLEY AUTHORITY.**

**Civ. A. No. 6702.**

United States District Court,
M. D. Tennessee,
Nashville Division.

June 4, 1973.

---

16. United Mine Workers v. Gibbs, *supra*, 383 U.S. at 727, 86 S.Ct. at 1139.

Stanley H. Sidicane, Nashville, Tenn., for plaintiff.

Robert H. Marquis, Gen. Counsel, Herbert S. Sanger, Jr., Deputy Gen. Counsel, and Charles A. Wagner III, Tennessee Valley Authority, Knoxville, Tenn., for defendant.

## MEMORANDUM

MORTON, District Judge.

This is an action brought by plaintiff Gordon A. Pulley, a citizen and resident of the State of Tennessee, against the Tennessee Valley Authority (hereafter "TVA") for alleged violations of the Veterans Preference Act of 1944, 5 U.S.C. § 1302 et seq. Plaintiff seeks damages for salary he allegedly lost by reason of defendant's alleged denial of his rights under the Veterans Preference Act. Defendant TVA is a corporate agency of the United States, created by the Tennessee Valley Authority Act of 1933, as amended, 16 U.S.C. §§ 831–831dd (1970). The court has jurisdiction pursuant to 28 U.S.C. § 1337.

Plaintiff, formerly an employee of TVA, is a veteran of the United States Marine Corps and entitled to veterans' employment preferences as set out in the Veterans Preference Act. TVA has two types of employees, one entitled permanent or annual employees, and the other, temporary or hourly employees. Plaintiff was employed as a temporary, hourly paid employee of TVA at its Cumberland Steam Plant operation from September, 1968, until February 10, 1972, with the exception of a three-month period of time when he was laid off because of shortage of work. From 1968 to 1972 plaintiff was employed as a truck driver, and prior to that as a laborer. He was qualified for these positions.

In 1970 and 1971 the TVA took applications for permanent employment in the division of power production at Cumberland Steam Plant. Plaintiff, although employed as a temporary employee, applied for annual or permanent employment. He requested to be considered for any job which he was capable of performing, including, but not limited to, laborer, truck driver, auxiliary operator, belt operator, janitor and similar jobs open to high school graduates. Defendant TVA advised plaintiff that he would be considered for such jobs, and noted his request to be given preference under the Veterans Preference Act.

By reason of reduction in force, plaintiff was separated from employment effective February 25, 1972. He was advised of his impending separation by letter dated January 21, 1972. For the period from 1970 through 1971, TVA transferred from temporary employment to permanent employment twelve non-veterans. As stated before, all these transfers were made while plaintiff was still an employee of TVA. Plaintiff asserts that these transfers were in violation of his employment preference rights.*

Upon his termination, plaintiff filed a complaint with the Civil Service Commission which was processed through the Atlanta Regional Office. After an adverse ruling, plaintiff appealed to the United States Civil Service Commission Board of Appeals and Review at Washington, D. C. The decision of the Board was adverse to the plaintiff. A portion of the decision is quoted as follows:

## "INTRODUCTION

"Mr. Gordon Pulley appealed through his legal counsel from a deci-

---

\* The evidence shows that since plaintiff's separation from employment in February, 1972, no non-veterans have been *hired* by TVA in its Division of Power Production at the Cumberland Steam Plant in the job categories for which plaintiff is qualified.

sion of the Commission's Atlanta Regional Office, which found no violation of the appellant's retention preference rights in his separation, effective February 25, 1972, by reduction-in-force procedures.

\*     \*     \*     \*     \*     \*

"FIRST LEVEL DECISION

"The Commission's Atlanta Regional Office afforded the appellant a personal appearance on May 9, 1972. After review of the entire appellate record, the Regional Office, in a decision dated July 17, 1972, found that there had been no violation of the appellant's rights as an excepted service employee under the Reduction-in-Force Regulations. With regard to the appellant's specific contentions, the Regional Office found that two other employees above the appellant on the retention register were properly listed as entitled to veterans preference; that the creation of a Truck Driver II position does not come within the Commission's appellate jurisdiction for review as each agency is responsible for establishing a work force to meet its needs; and that the claim that some Truck Drivers, III are actually performing as Truck Drivers I is not reviewable on appeal as an employee's reduction-in-force rights stem from his official position assignment.

\*     \*     \*     \*     \*     \*

"ANALYSIS AND FINDINGS

"The Board has made an independent review of all of the evidence of record. The Board finds that the appellant was correctly listed on the retention register, properly within reach for reduction in force, and properly notified to that effect.

"The Board has reviewed the evidence of record to determine if, in light of the appellant's representations, the Regional Office was correct in its conclusion that the reduction-in-force action did not violate any of the appellant's retention preference rights. As an excepted service employee, the appellant has no mandatory assignment rights. The Board finds that the Commission's Atlanta Regional Office considered all the relevant issues which were raised on appeal to that office and correctly decided those issues." (Defendant's Exhibit No. A.)

The entire record of the proceedings before the Civil Service Commission was not made available to this court. However, an analysis of the decision of the Board of Appeals and Review indicates that all of the allegations made in this suit were considered by the Board and decided adversely to the plaintiff. In its decision the Board stated under the heading "Analysis and Findings" that "[a]s an excepted service employee, the appellant has no mandatory assignment rights." This statement, considered along with the other portions of the decision of the Board of Appeals and Review, indicates that plaintiff raised the same issues before the Board that he now raises in this suit.

Assuming for the moment that plaintiff raised the issues regarding his rights under the Veterans Preference Act that he now raises in this suit, plaintiff does not directly attack these findings of the Commission. Plaintiff alleges no errors of law on the part of the Commission. Nor does plaintiff challenge the action of the Commission on grounds which are within this court's scope of review under 5 U.S.C. § 706.

However, since the defendant did not raise as a defense in any way the prior determination by the Commission of the issues now raised in this suit, and since the court does not have the entire record of the Commission proceedings, the court will assume that the Commission did not so rule on these issues.

The court notes that if plaintiff did not raise the issues as to his rights under the Veterans Preference Act, plaintiff has failed to explain or justify the

failure to exhaust his administrative remedies. *See* Blackmar v. United States, 354 F.2d 340, 173 Ct.Cl. 1035 (1965).

Regardless of whether or not plaintiff raised or should have raised in the Commission proceedings the issues raised here concerning his rights under the Veterans Preference Act, the court will proceed to decide this case on its merits.

Congress, in creating the Tennessee Valley Authority, "Tennessee Valley Authority Act of 1933," 16 U.S.C. § 831 et seq., provided:

"The board shall, without regard to the provisions of Civil Service laws applicable to officers and employees of the United States, appoint such managers, assistant managers, officers, employees, attorneys, and agents as are necessary for the transaction of its business, fix their compensation, define their duties, require bonds of such of them as the board may designate, and provide a system of organization to fix responsibility and promote efficiency. Any appointee of the board may be removed in the discretion of the board." 16 U.S.C. § 831b.[2]

The TVA, as a corporate agency of the United States, is subject to the provisions of the Veterans Preference Act. 5 U.S.C. § 1302(c). TVA employees are not subject to the Civil Service Act [16 U.S.C. § 831b], and are not in "competitive service" as defined in said Act. 5 U.S.C. § 2102. Pursuant to 5 U.S.C. § 1302, the Civil Service Commission promulgated certain regulations, those applicable to veterans preferences being contained in 5 C.F.R. §§ 302.201, 302.202 and 302.203.

An analysis of the history of the Veterans Preference Acts appears in the case of Hilton v. Sullivan, 334 U.S. 323, 68 S.Ct. 1020, 92 L.Ed. 1416 (1947). When the Veterans Preference Act of 1944 was passed, it was explained to Congress that it provided a preference both in *appointment* and *retention* in federal positions. Hilton v. Sullivan, *supra*, at 338, n. 14, 68 S.Ct. 1020. However, neither the Veterans Preference Act nor the regulations promulgated thereunder by the Civil Service Commission provide for preferential treatment for those employees in the "excepted service" as to *transfers* and *promotions*. There is a fixed and definite procedure, not applicable in this case, as to promotions and transfers for those employed in the "competitive service" and covered by the Civil Service Act.

■ In any case, promotion and non-promotion, transfer and non-transfer of employees within a department of government is a matter of supervisory discretion and not ordinarily subject to judicial review. *See* Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774 (1900); Gnotta v. United States, 415 F.2d 1271 (8th Cir. 1969), cert. denied 397 U.S. 934, 90 S.Ct. 941, 25 L.Ed.2d 115 (1970); Powell v. Brannan, 91 U.S.App.D.C. 16, 196 F.2d 871 (1952); cf. Fass v. Ruegg, 379 F.2d 216 (6th Cir. 1967); Baum v. Zuckert, 342 F.2d 145 (6th Cir. 1965).

■ Plaintiff, in effect, would have the court remove discretion from TVA and substitute its own judgment as to who should be transferred to a permanent employee position. This would be an unwarranted interference by the judiciary with discretionary executive action. There is no authority for the judicial branch of the government to override the executive branch unless it is specifically granted either in the Constitution or by statute. Plaintiff has shown no such grant of authority, nor is the court aware of such a grant. *See* McGrimley v. Foley, 89 F.Supp. 10 (D. Mass.1950), aff'd 180 F.2d 1022 (1st Cir. 1950).

For the foregoing reasons this case is hereby dismissed.

2. Title 16 U.S.C. § 831b was amended as of June 6, 1972. The amendment is not relevant to the issues raised in this lawsuit.