## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CYRIL DAVID DANIEL ORAM, JR.,
    Appellant,

       v.

DEPARTMENT OF THE ARMY,
    Agency.

DOCKET NUMBER
DC-3330-18-0058-I-1

DATE: September 2, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Cyril David Daniel Oram, Jr., Bellingham, Washington, pro se.

Richard L. Schwartz, APO, AE, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action pursuant to the Veterans Employment Opportunities Act of 1998 (VEOA). On petition for review, the appellant argues that the administrative judge improperly credited the agency's claim that it fully

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

considered his application package in determining that the appellant was provided with an opportunity to compete for the position, and argues that several of those decisions the administrative judge relied on in reaching his decision are wrongly decided or inapplicable. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.

¶2 We agree with the administrative judge's finding that, because the Information Technology Specialist vacancy was filled using merit promotion procedures, the appellant was not entitled to a veterans' preference, and so his request for corrective action under 5 U.S.C. § 3330a(a)(1)(A) was properly denied. Initial Appeal File (IAF), Tab 13, Initial Decision (ID) at 3-4; *see Joseph v. Federal Trade Commission*, 505 F.3d 1380, 1382 (Fed. Cir. 2007) (finding that an employee is not entitled to veterans' preference in the merit promotion process); *Perkins v. U.S. Postal Service*, 100 M.S.P.R. 48, ¶ 9 (2005) (same). We also agree with the administrative judge's conclusion that, based on the unrefuted evidence in the form of a declaration submitted by the agency's Human Resources Specialist responsible for reviewing applications for the position, the appellant was permitted to apply for the position and his application package was forwarded for a substantive assessment of his qualifications, but he was ultimately disqualified from further consideration because he failed to meet the

specialized requirements for the job. IAF, Tab 6 at 21-23; ID at 5-6. Therefore, the appellant received all of the rights to which he was entitled under VEOA, and he was not denied an opportunity to compete for the position under 5 U.S.C. §§ 3330a(a)(1)(B) and 3304(f). *See Abell v. Department of the Navy*, 92 M.S.P.R. 397, ¶ 8 (2002) (stating that 5 U.S.C. § 3304(f) permits the preference-eligible appellant and others in like circumstances to apply, but otherwise they receive no special treatment in the process of filling a position under merit promotion procedures), *aff'd*, 343 F.3d 1378 (Fed. Cir. 2003); *Scharein v. Department of the Army*, 91 M.S.P.R. 329, ¶ 10 (2002) (finding that VEOA does not guarantee a preference eligible a position, but only an opportunity to compete with the other candidates on the certificate of eligibles), *aff'd*, No. 02-3270, 2008 WL 5753074 (Fed. Cir. Jan. 10, 2008).

¶3        Next, the appellant's argument—that a number of cases the administrative judge relied on in reaching his decision are inapplicable, invalid, or contrary to congressional intent—does not provide a reason to disturb the initial decision. Petition for Review (PFR) File, Tab 3 at 8-17, Tab 6 at 8-9. Several of the decisions the appellant takes issue with are precedential decisions of the U.S. Court of Appeals for the Federal Circuit and, as such, are controlling authority that the Board is bound to follow unless they are overruled by the court sitting en banc. *See Conner v. Office of Personnel Management*, 120 M.S.P.R. 670, ¶ 6 (2014), *aff'd*, 620 F. App'x 892 (Fed. Cir. 2015); *see, e.g.*, PFR File, Tab 3 at 8-9, 12 (citing *Kerner v. Department of the Interior*, 778 F.3d 1336 (Fed. Cir. 2015); *Joseph*, 505 F.3d at 1381; *Abell v. Department of the Navy*, 343 F.3d 1378, 1380 (Fed. Cir. 2003)). Additionally, as to *Phillips v. Department of the Navy*, a Board case, we find that the administrative judge correctly relied on it in concluding that the agency used the merit promotion process to fill the position. PFR File, Tab 3 at 8; ID at 4; *see Phillips v. Department of the Navy*, 110 M.S.P.R. 184, ¶ 6 (2008), *reversed on other grounds by Oram v. Department of the Navy*, 2022 MSPB 30, ¶ 18 (reversing the Board's decision in *Phillips* to

the extent that it implicitly relied on the proposition that a Federal employee may be entitled to corrective action under VEOA for a violation of 5 U.S.C. § 3304(f)).

¶4    Finally, the appellant argues that, throughout history, the Board and Federal courts have improperly narrowed the "absolute and unlimited" scope of veterans' preference rights granted by VEOA and the precursor Veterans' Preference Act, and cites *Hilton v. Sullivan*, 334 U.S. 323 (1948), *Crowley v. United States*, 527 F.2d 1176 (Ct. Cl. 1975), *Pulley v. Tennessee Valley Authority*, 368 F. Supp. 90 (M.D. Tenn. 1973), and a number of other cases that he believes were wrongly decided and are contrary to congressional intent.  PFR File, Tab 3 at 8-17.  We are unpersuaded by this argument.  These cases have not been overruled and remain good law, and the appellant's mere disagreement with the reasoning in these decisions does not provide a basis for granting review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.